SOBEL et al. v. NEW YORK EL. RY. CO. et al.

(*Supreme Court, General Term, First Department.* March 28, 1890.)

1. EMINENT DOMAIN—INJURIES TO ABUTTERS—PLEADING.

The measure of compensation to abutting owners for the maintenance of an elevated railroad in the street in front of their property is the same whether they own the fee in the street, or merely the easement of light, air, and access; and a complaint which alleges that plaintiffs own the fee in the street on which their property abuts, and that they have acquired the easements of light, air, and access, does not contain inconsistent statements.

2. SAME—SEVERAL CLAIMS—ELECTION.

A complaint, in an action to enjoin the maintenance of an elevated railroad in the street in front of plaintiff's property, which alleges that plaintiffs own the fee in the street, and that they thus acquired freedom of access, etc., does not state separate claims to the fee in the street, and to a mere easement therein; and a motion to compel plaintiffs to elect between the two claims is properly denied.

Appeal from special term, New York county.

Action by Elias Sobel and Philip Sobel against the New York Elevated Railroad Company and the Manhattan Railway Company to restrain them from operating their railroad in front of plaintiffs' premises, No. 160 Greenwich street, New York city. From the judgment rendered in favor of the plaintiffs, defendants appeal.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Davies & Rapallo,* (*Edward S. Rapallo* and *Brainard Tolles,* of counsel,) for appellants. *Myer S. Isaacs,* (*W. G. Peckham,* of counsel,) for respondents.

BARRETT, J. This case is covered by the opinion written in the *Hochalter Case, ante,* 341. The only other point raised here is that the court erred in refusing to compel the plaintiffs to elect between a claim as owners of the fee of the street and a claim as possessors of a mere easement therein. This was properly refused, for two reasons: *First,* because the complaint makes but one claim, namely, that of ownership in fee, subject to the public easement. It is true that the plaintiffs say that they thus acquired freedom of access to their premises, and the benefit of light and air; but that does not involve two inconsistent claims. If what they say is true, they did acquire these rights, and more. *Second.* Because the claim here is for compensation for (to use the presiding justice's happy expression in the *Ode Case, ante,* 338) that "aggregation of discomforts" suffered by the plaintiffs, as abutting owners, in consequence of what the courts have said was not an ordinary street use. The extent of this compensation was precisely the same, however the plaintiffs' rights with respect to the street might be viewed. There is nothing inconsistent, therefore, between a statement that the plaintiffs were entitled to light, air, and access, with reference to their premises, by reason of ownership in fee, and a statement, even if made, that they were similarly entitled by reason of an easement. The case made was a deprivation of light, air, and access to which the plaintiffs were entitled. The right thereto was established by the evidence, and found by the court. Having further proved the partial deprivation of this right, and damages resulting therefrom, the plaintiffs were entitled to the relief accorded to them. The judgment should be affirmed, with costs. All concur.